

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

March 30, 1992

Mr. James L. Pledger
Commissioner
Texas Savings and Loan Department
2601 North Lamar, Suite 201
Austin, Texas 78705

Opinion No. DM-99

Re: Whether certain governmental entities may lawfully deposit funds in the demand accounts of state and federal savings and loan associations and savings banks (RQ-220)

Dear Commissioner Pledger:

You have requested an opinion regarding whether certain governmental entities organized under the laws of the State of Texas may lawfully deposit funds in the demand accounts of "state and federal savings and loan associations and savings banks," which you refer to collectively as "savings associations."[1] In particular, you ask about the authority of municipalities, counties, independent public school districts, and institutions of higher learning.

The authority of these governmental entities to deposit funds is governed by statute. Chapter 105 of the Local Government Code authorizes municipalities to deposit municipal funds in banks. Section 105.001 defines the term "bank" as "a banking corporation or association or an individual banker." Chapter 116 of the Local Government Code authorizes county commissioners courts to contract with banks for the deposit of county funds. Local Gov't Code § 116.021. Like section 105.001, section 116.001 defines the term "bank" as "a banking corporation or association or an individual banker." This office has repeatedly stated that the statutory definition of "bank" found in these sections does not include savings and loan associations, and that savings and loan associations do not qualify as depositories for these and other governmental entities without further statutory

---

[1]In your brief, you appear to use the term "savings association" as defined by federal law, which includes state savings and loans and federally chartered savings banks. 12 U.S.C. § 1813(b). You state, however, that "[f]or purposes of analyzing authorized deposit-taking activities, these thrift institutions should be considered collectively." We use the term "savings association" only in characterizing your contentions, and refer to and confine our analysis to "savings and loan associations."

authorization. *See* Attorney General Opinions MW-534 (1982) (concluding that savings and loan associations may not serve as hospital district depositories because statutory terms "banking corporation, association or individual bank[s]" do not embrace such entities); M-22 (1967) (concluding that former article 2549, V.T.C.S., one of the predecessor statutes to chapter 116 of the Local Government Code, did not qualify a savings and loan corporation as a depository for county funds); *see also* Attorney General Opinions H-1013 (1977); H-723 (1975).

Subchapter E of chapter 23 of the Education Code, the School Depository Act, authorizes independent school districts to establish depositories for the deposit of school funds. Section 23.74 mandates that "[a] school depository ... shall be a bank located in the State of Texas."[2] Subchapter A of chapter 51 of the Education Code governs the control of funds by certain state institutions of higher learning, including the University of Texas and the Texas A & M University systems. *See* Educ. Code §§ 51.001 (setting forth the institutions to which subchapter A applies), 61.003 (same). Section 51.003 of that subchapter provides that the governing boards of such institutions may select "one or more depositories as places of deposit" for certain school funds and shall deposit such funds "in the depository bank or banks." In Attorney General Opinion MW-272 (1980), this office concluded that the term "bank" in section 23.74 of the Education Code does not embrace savings and loan associations. *See also* Attorney General Opinion JM-42 (1983) at 1 (credit unions may not serve as school district depositories). The same rationale appears to apply to the terms "depository" and "depository bank" in section 51.003. *See* Attorney General Opinion MW-272 ("savings and loan associations do not qualify as *depositories* for political subdivisions without statutory authorization") (emphasis added).

You contend that the foregoing attorney general opinions were written before "the considerable expansion of the powers of savings and loans that occurred after 1982" and imply that they should be overruled. In support of your contention, you assert that savings associations are now insured by the Federal Deposit Insurance Corporation pursuant to the federal Financial Institutions Reform,

---

[2]Section 23.73 defines a "bank" as:

> a state bank authorized and regulated under the laws of the state pertaining to banking and in particular authorized and regulated by the Banking Department Self-Support and Administration Act, or a national bank authorized and regulated by federal law, but does not include any bank the deposits of which are not insured by the Federal Deposit Insurance Corporation. (Footnote omitted.)

Recovery and Enforcement Act of 1989, and that federal and state law now authorize federal savings associations and state savings and loan associations to accept demand deposits from any person, *see* 12 U.S.C. § 1464(b); 12 C.F.R. § 545.12; *see also* V.T.C.S. art. 852a, § 5.05 (providing that a state savings and loan association may engage in any activity that is permissible for a federal savings and loan association). You also assert that a federal court has "recognized that a savings and loan association chartered in Texas is the functional equivalent of a Texas state bank," citing *State of Texas v. Clarke*, 690 F. Supp. 573 (W.D. Tex. 1988).[3]

In 1982, this office considered an argument almost identical to the one asserted here. In Attorney General Opinion MW-534, the requestor contended that "recent changes in laws governing savings and loan associations ... might affect prior opinions of this office regarding the eligibility of such associations ... to serve as county depositories." Attorney General Opinion MW-534 at 2. We rejected this argument, holding that

> [a]lthough these changes provide the authority for ... savings and loan associations to perform some of the same functions as banks, this alone does not provide the ... requisite statutory authority that would permit them to serve as county depositories within the ambit of articles 2544 through 2558a, V.T.C.S. [the predecessor statutes to chapter 116 of the Local Government Code].

*Id.* As is clear from the foregoing, our prior opinions rely on the fundamental principle that express legislative authorization is necessary to allow governmental entities to deposit funds in savings and loan associations. Since 1982, the Texas legislature has not seen fit to amend the applicable provisions of the Local Government Code or the Education Code to authorize municipalities, counties, school districts and institutions of higher learning to deposit funds in savings and loan associations.[4] Recent changes in statutes and regulations governing savings

---

[3]Another brief submitted in support of the Savings and Loan Department's position suggests that the Texas Savings and Loan Act, V.T.C.S. art. 852a, § 6.14, authorizes governmental entities to deposit funds in savings and loan associations. In Attorney General Opinion H-723, this office held that that provision, standing alone, does not give any political subdivision the authority "to make investments unaffected by legal restrictions found elsewhere in the law of this State." Attorney General Opinion H-723 at 4; *see also* Attorney General Opinion MW-534.

[4]Indeed, a recent attempt to pass such legislation failed. *See* H.B. 1572, 72d Leg. (1991) (would have amended Local Government Code, chapter 105, to change the definition of the term

associations, while they may affect the activities in which such associations may engage, do not provide the requisite statutory authority that would permit these governmental entities to deposit funds in savings and loan associations, and therefore do not affect the continued validity of our prior opinions.

## SUMMARY

Municipalities, counties, independent school districts, and institutions of higher learning are not authorized to deposit funds in the demand accounts of savings and loan associations.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General

---

(footnote continued)
"depository" to include savings associations, and to authorize municipalities to deposit funds in savings associations).